# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| CALEB L. MCGILLVARY, | : | PRISONER CIVIL ACTION |
| NJ DOC No. 1222665, | : | 28 U.S.C. § 1331 |
|    Plaintiff, | : | |
| | : | |
|    v. | : | |
| | : | |
| GREG HARTLEY, et al., | : | CIVIL ACTION NO. |
|    Defendants. | : | 1:23-CV-5403-SCJ-JCF |

## **ORDER**

Plaintiff Caleb L. McGillvary, an inmate at the New Jersey State Penitentiary in Trenton, New Jersey, has filed a *pro se* civil action raising claims under the Lanham Act, the civil RICO statutes, and the Copyright Act, as well as state law-law claims for defamation and intentional infliction of emotional distress. (See doc. 1.) The complaint is brought against individuals variously alleged to reside in Jasper County Georgia, Canada, Virginia, and Tennessee. (See id. at 1-3.) The events giving rise to the complaint took place in Jasper County Georgia. (Id. at 4.)

A federal-law action may be brought in a judicial district where any defendant resides, if all defendants reside in the same State, or in the judicial district in which the claims arose. 28 U.S.C. § 1391(b). When venue is improper, the court may, in

the interest of justice, transfer the case to a district court in which it could have been brought.  28 U.S.C. § 1406(a).  Additionally, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]"  28 U.S.C. § 1404(a).  Jasper County is located within the jurisdiction of the United States District Court for the Middle District of Georgia, the Macon Division.  28 U.S.C. § 90(b)(2).  Venue is improper in this district, and the Court finds it to be in the interest of justice to transfer this action to the United States District Court for the Middle District of Georgia.

Accordingly, **IT IS ORDERED** that this action is hereby **TRANSFERRED** to the **UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF GEORGIA, THE MACON DIVISION**, along with all orders, motions, affidavits, pleadings and exhibits (if any) filed herein.[1]

---

[1] Transfer of this action does not decide the merits of Plaintiff's claims.  See Mobile Media Ideas LLC v. Samsung Elecs. Co., No. 8:16-CV-1316-T-23MAP, 2017 WL 3720954, at *1 (M.D. Fla. Mar. 28, 2017) ("Transfer of venue is a non-dispositive pretrial matter, which a magistrate judge may determine . . . ."); Owens v. Carter, No. 5:13-CV-299(MTT), 2015 WL 867063, at *1 (M.D. Ga. Feb. 26, 2015) (treating magistrate judge's order on a motion to transfer as a non-dispositive order).

2

**SO ORDERED**, this 6th day of March, 2024.

/s/ J. Clay Fuller
J. Clay Fuller
United States Magistrate Judge